**SIGNED THIS: January 11, 2007**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VITA CORP. | ) | |
| a/k/a Vita Corporation, | ) | No. 06-80111 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

In this Opinion, the Court joins a clear majority of courts in holding that an impaired class that fails to vote to reject a Chapter 11 plan is not deemed to have accepted the plan.

The Debtor, VITA CORP. (DEBTOR), operates an Old Chicago restaurant franchise in Peoria, Illinois. It filed a voluntary petition under Chapter 11 on January 25, 2006 and continues to operate its business as debtor in possession. The DEBTOR'S Plan of Reorganization creates nine classes of creditors, six of which are impaired. Of those six, three have affirmatively accepted the plan. With respect to the other three, Class V consists of the single claim of Citicorp Del Lease, Inc. Class VII consists of unsecured claims of $1,000 or less. Class IX consists of the claims of Vita Iowa City, Inc., and Vita MPL, Inc.,

whom the Plan characterizes as insiders. No ballots were cast by any of the holders of claims in Classes V, VII or IX.

The DEBTOR filed a Motion to Confirm its Plan, alleging that the requirements of Section 1129(a) are satisfied. Objections to the DEBTOR'S plan were filed by three creditors, two of which were resolved by stipulation prior to the hearing on the Motion to Confirm. The third objection, filed by Rewards Network Establishment Services, Inc., is not resolved. None of the objections raised the issue at bar and Rewards Network failed to appear at the hearing.

In order to obtain a consensual confirmation, the proponent of the plan bears the burden of proving that each requirement of Section 1129(a) is met. *In re Arnold and Baker Farms,* 177 B.R. 648, 654 (9th Cir.BAP 1994); *In re Repurchase Corp.,* 332 B.R. 336, 342 (Bankr.N.D.Ill. 2005). The Bankruptcy Code imposes an independent duty upon the court to determine whether a plan satisfies each element of Section 1129, even in the absence of valid objections to confirmation. *In re Genesis Health Ventures, Inc.,* 266 B.R. 591, 599 (Bankr.D.Del. 2001).

At the hearing, the Court questioned whether Section 1129(a)(8) had been satisfied. That section provides as follows:

(8) With respect to each class of claims or interests –

    (A) such class has accepted the plan; or
    (B) such class is not impaired under the plan.

The DEBTOR asserts that a class with no ballots returned, by not rejecting the plan, is deemed to have accepted it. This position is supported by *In re Ruti-Sweetwater, Inc.,* 836

F.2d 1263 (10th Cir. 1988) and *In re Campbell,* 89 B.R. 187 (Bankr.N.D.Fla. 1988).[1]

Cases that are part of the majority that hold that not voting is not a deemed acceptance include *In re Eagle-Picher Industries, Inc.,* 203 B.R. 256 (S.D.Ohio 1996); *In re Westwood Plaza Apartments, Ltd.,* 192 B.R. 693 (E.D.Tex. 1996); *In re M. Long Arabians,* 103 B.R. 211 (9th. Cir.BAP 1989); *In re Smith,* --- B.R. ----, 2006 WL 3627298 (Bankr.M.D.N.C. 2006); *In re Jim Beck, Inc.,* 207 B.R. 1010 (Bankr.W.D.Va. 1997); *In re Higgins Slacks Company,* 178 B.R. 853 (Bankr.N.D.Ala. 1995); *In re 7th Street and Beardsley Partnership,* 181 B.R. 426 (Bankr.D.Ariz. 1994); *In re Adkisson Village Apartments of Bradley County, Ltd.,* 133 B.R. 923 (Bankr.S.D.Ohio 1991); *In re Friese,* 103 B.R. 90 (Bankr.S.D.N.Y. 1989); *In re Townco Realty, Inc.,* 81 B.R. 707 (Bankr.S.D.Fla. 1987). The Seventh Circuit has not addressed the issue.

Section 1126, addressing acceptance of a Chapter 11 plan, provides in part:

> (c) A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). The plain meaning of this provision requires each creditor to affirmatively accept the plan in order to be counted toward acceptance. As noted in *Higgins Slacks Company,* the legislative history supports that conclusion as well.

> This section requires a plan to be actively accepted. If a creditor does not cast a ballot, the amount owed to that creditor, and the creditor as a member of the class, is not included in the computation of whether the class accepted the plan. The Senate Committee comment to this section makes this clear, "[t]he amount and number are computed on the basis of claims

---

[1] The DEBTOR also cites *Heidelberg Print Finance Americas, Inc. v. Master Services, Inc.,* 188 Fed.Appx. 534 (8th Cir. 2006), an unpublished opinion. This case offers the DEBTOR no support as there is no indication in the opinion that the bankruptcy court treated a failure to vote as a deemed acceptance.

3

>
> actually voted for or against the plan, not as under chapter X [formerly section 501 et. seq. of this title] on the basis of the allowed claims in the class." S.Rep. No. 95-989, 95th Cong., 2d Sess. 123 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5909.

178 B.R. at 856.

If Congress had intended otherwise, instead of basing a class's acceptance on whether "such plan has been accepted by creditors" of a certain number and amount, it would have used the phrase "if such plan has not been rejected by creditors." In addition, Congress used the concept of a presumption of acceptance without voting, for an unimpaired class, in Section 1126(f). The same concept was clearly not incorporated into the acceptance requirements for impaired classes spelled out in Section 1126(c).

The result reached by the Tenth Circuit in *Ruti-Sweetwater* has been roundly criticized. *See,* 7 COLLIER ON BANKRUPTCY ¶ 1129.03[8] n. 152 (15th ed.rev.); *In re Higgins Slacks Co.,* 178 B.R. at 856-57 (characterizing *Ruti-Sweetwater* as result oriented). *See, also,* 3 NORTON BANKRUPTCY LAW AND PRACTICE § 49.04 (1981) (departing from prior practice under the Bankruptcy Act where a failure to vote was counted as a rejection, under the Code classes of claims must vote in order to register acceptance or rejection).

Both *Ruti-Sweetwater* and *Campbell* decry the possibility that a single creditor or class of creditors may, by inaction or apathy in not voting, force a debtor to seek confirmation by cramdown. This argument falters for three reasons. First, the Chapter 11 confirmation process contemplates that the debtor will actively solicit creditors to vote to accept its plan in an effort to obtain consensual confirmation. *See* 11 U.S.C. § 1125. It only makes sense that the results of those solicitation efforts should be measured by positive acceptances, especially since satisfying Section 1129(a)(8) relieves the debtor of the burden of proving

4

that the plan is fair and equitable. Second, Congress greased the wheels for the debtor by providing that a class's acceptance is based on actual votes received rather than all claims that make up the class. *See* Section 1126(c). Thus, to overcome the apathy factor, a debtor need only obtain a single positive vote in each class. Third, the debtor, as the drafter of its plan of reorganization, is responsible for how it chooses to classify claims. A debtor that creates single-creditor impaired classes is hardly in a position to complain when one such creditor's failure to vote foils consensual confirmation. If all impaired classes do not vote to accept the plan, the debtor must pursue confirmation by cramdown under Section 1129(b). Thus, although a single obstructionist creditor may prevent a consensual confirmation by not voting for the plan, confirmation is still possible if the debtor establishes that the plan is fair and equitable and does not discriminate unfairly with respect to each impaired class that has not accepted the plan.

Joining the majority, this Court holds that Sections 1129(a)(8) and 1126(c) require the affirmative assent of a creditor as the necessary means by which that creditor accepts a plan. A creditor's failure to return a ballot rejecting the plan, does not constitute the creditor's deemed acceptance of the plan.

Since none of the creditors in Classes V, VII or IX returned a ballot or otherwise affirmatively accepted the DEBTOR'S Plan, such as by stipulation, it is determined that those three impaired classes have not accepted the Plan. Thus, the requirements of Section 1129(a)(8) are not satisfied and the DEBTOR'S Motion to Confirm its Plan by consensual confirmation under Section 1129(a) must be denied.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###